# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| VALERO MARKETING AND SUPPLY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. 5:19-cv-00328 |

## COMPLAINT

Valero Marketing and Supply Company ("VMSC") seeks a refund of federal excise tax that the United States of America, acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), erroneously assessed and collected from VMSC by failing to act upon VMSC's claim for refund based on the section 6426(e) Alternative Fuel Mixture Credit.[1]

## I. NATURE OF THE CASE

1. This case is about the government's refusal to recognize as "alternative fuels" several substances that undoubtedly qualify in that regard. The substances in question are fuels derived from biomass, which are fuels created from organic material that would otherwise go to waste such as used cooking oil and animal fat, and butane, which is a liquefied petroleum gas that is abundant and cheap in the United States and that has lower carbon emissions than gasoline. Fuels derived from biomass and liquefied petroleum gas are expressly defined in section 6426(d)

---

[1] Unless otherwise stated, all "section" references herein are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and in effect during the first quarter of calendar year 2015, which is the period at issue in this case.

COMPLAINT – PAGE 1

as "alternative fuels." This suit is necessary because the government failed to abide by the unambiguous definitions in the statute.

2.      VMSC sues to recover erroneously assessed and collected federal excise tax, plus statutory interest thereon as provided by law, attributable to the first quarter of calendar year 2015 (*i.e.*, January 1, 2015 through March 31, 2015) (the "Disputed Tax Period"). The erroneous assessment and collection results from the Commissioner's failure to recognize VMSC's entitlement to the Alternative Fuel Mixture Credit – a tax credit available when a taxpayer mixes an "alternative fuel" with a "taxable fuel" (such as gasoline) and then uses the mixture as a fuel or sells it for use as a fuel. The credit is taken against the taxpayer's tax liability under section 4081, which provides for an excise tax on, among other things, the sale or removal from a refinery of gasoline and other taxable fuels.

3.      During the Disputed Tax Period, VMSC blended into its gasoline (1) liquefied gas derived from biomass, (2) liquid fuel derived from biomass, and (3) butane. Although each of these three substances clearly is included in the definition of alternative fuel in section 6426(d), the Internal Revenue Service refuses to recognize them as alternative fuels and thus has not allowed VMSC's refund claim based on the Alternative Fuel Mixture Credit in section 6426(e). VMSC now sues to obtain the refund to which it is entitled under the plain language of the statute.

## II. PARTIES

4.      Plaintiff is VMSC. VMSC is a Delaware corporation. Its headquarters and principal place of business are located at One Valero Way, San Antonio, Texas 78249-1616. VMSC manufactures and sells petroleum products, including alternative fuel mixtures, for use as fuel. VMSC's Employer Identification Number is 74-2751732, which is reflected on all returns and claims described below.

5. Defendant is the United States of America. Service of process may be made on Defendant by personal service via Process Server, to the following:

    a.    William P. Barr
           Attorney General of the United States
           Department of Justice
           950 Pennsylvania Ave., N.W.
           Washington, D.C. 20530-0001

    b.    Ms. Stephanie Rico, Agent and Civil Process Clerk
           Office of the United States Attorney for the Western
           District of Texas
           601 NW Loop 410
           Suite 600
           San Antonio, TX 78216-5567

    c.    Charles P. Rettig
           Commissioner
           Internal Revenue Service
           1111 Constitution Ave., N.W.
           Washington, D.C. 20224-0001

### III. JURISDICTION AND VENUE

<u>Jurisdiction</u>

6. The Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of overpaid internal revenue taxes.

7. On April 30, 2015, VMSC timely filed a Quarterly Federal Excise Tax Return ("Form 720") for the Disputed Tax Period with the Internal Revenue Service at Cincinnati, Ohio, reporting a total section 4081 fuel excise tax for the Disputed Tax Period in the amount of $565,025,097. VMSC timely paid that amount to the Internal Revenue Service.

8. On April 26, 2018, VMSC timely filed an Amended Quarterly Federal Excise Tax Return ("Form 720X") for the Disputed Tax Period with the Internal Revenue Service in Cincinnati, Ohio claiming a refund of the section 4081 fuel excise tax in the amount of "$4.00

Plus," plus statutory interest.[2] *See* Section 6511(a) and section 7422(a). That refund claim is based on a claim of Alternative Fuel Mixture Credits (described below) that VMSC had not claimed previously on its original Form 720 for the Disputed Tax Period.

9. As noted above, VMSC timely and fully paid its quarterly section 4081 fuel excise tax for the Disputed Tax Period. *See* 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

10. More than six months have elapsed since VMSC filed its Form 720X, and the Internal Revenue Service has neither paid nor denied the requested refund for the Disputed Tax Period. *See* Section 6532(a).

11. Therefore, the Court has jurisdiction because, for the Disputed Tax Period, VMSC (i) made full payment of the taxes assessed; (ii) timely filed its claim for refund on Form 720X; and (iii) filed this complaint within the proper time period.

---

[2] When filing a refund claim (*e.g.*, on a Form 720X), there is no requirement that taxpayers set forth the exact amount of an overpayment for which they are claiming a refund, so long as they set forth the legal and factual grounds supporting their position. An accepted practice is for taxpayers to submit refund claims to the Commissioner in some nominal amount, commonly reflected as "one dollar or any amounts legally allowable" or simply "$1 Plus." *See* Internal Revenue Service, Service Center Advice Memorandum 199941039 (Aug. 23, 1999). VMSC's refund claim (*i.e.*, its Form 720X) for the Disputed Tax Period specified the amount as "$4.00 Plus," and stated that "VMSC is currently performing an analysis to verify the amount of credit to which it is entitled. Accordingly, VMSC hereby adjusts the credit [for each of four substances] in the amounts of '$1.00 Plus' until VMSC has determined the amount of the credit, at which time VMSC will supplement this claim." That is why VMSC's claim as a whole was in the amount of "$4.00 Plus." VMSC fully set forth the legal and factual grounds supporting its refund claim as to each of the substances involved. Only three of those substances are at issue in this lawsuit. VMSC has completed its calculations as reflected in paragraphs 38 and 46 below.

Venue

12. Venue is proper in the Western District of Texas under 28 U.S.C. § 1402 because VMSC's principal place of business is located in this judicial district.

### IV. FACTUAL AND STATUTORY BACKGROUND

The Section 4081 Excise Tax on "Taxable Fuel"

13. Section 4081(a) imposes a federal excise tax on the removal of a "taxable fuel" from a refinery or terminal; the entry into the United States of a taxable fuel for consumption, use, or warehousing; and certain sales of a taxable fuel.

14. Under section 4083(a), "taxable fuel" means gasoline (including any gasoline blend or gasoline blend stock), diesel fuel, and kerosene.

15. The rate of the section 4081 excise tax depends on the type of taxable fuel, and ranges from $0.184 per gallon for gasoline (other than aviation gasoline) to $0.244 per gallon for diesel fuel or kerosene.

16. Taxpayers who incur federal excise taxes must file a Form 720 on a quarterly basis and pay any excise tax not yet paid or otherwise satisfied.

"Alternative Fuels" and the Alternative Fuel Mixture Credit

17. To promote energy independence, encourage the use of domestically-sourced and renewable fuels, and help reduce the cost of fuel, Congress has subsidized the blending of "alternative fuels" with gasoline and other taxable fuels. The Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (Pub. L. 109-59, § 11113(b)(2) (Aug. 10, 2005, effective Sept. 30, 2006)) enacted section 6426(e), which provides a tax credit for blending an alternative fuel with a taxable fuel. That credit is called the Alternative Fuel Mixture Credit and is referred to hereinafter as the "AFMC."

18. During the Disputed Tax Period, a taxpayer could claim the AFMC on its Form 720 or on a Form 720X. Section 6426(a) provides that no AFMC is allowable unless the taxpayer is properly registered under section 4101.

19. Section 6426(e)(1) provides that the AFMC is equal to the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any "alternative fuel mixture" for sale or use in a trade or business of the taxpayer.

20. Section 6426(e)(2) provides that the term "alternative fuel mixture" means a mixture of alternative fuel and taxable fuel that is (A) sold by the taxpayer producing such mixture to any person for use as fuel, or (B) used as a fuel by the taxpayer producing such mixture.

21. Section 6426(d)(2)(F) and (G) provides that the term "alternative fuel" includes "compressed or liquefied gas derived from biomass (as defined in section 45K(c)(3))" and "liquid fuel derived from biomass (as defined in section 45K(c)(3))." Section 45K(c)(3) provides that "'biomass' means any organic material other than—(A) oil and natural gas (or any product thereof), and (B) coal (including lignite) or any product thereof."

22. Animal fats, used cooking oil, and inedible corn oil are each "biomass" as that term is used in section 6426 and section 45K(c)(3).

23. Section 6426(d)(2)(A) provides that the term "alternative fuel" includes "liquified petroleum gas."

24. Butane is a hydrocarbon with the molecular formula $C_4H_{10}$.

25. The oil and gas industry considers butane to be a liquefied petroleum gas.

26. Treasury regulations provide that the term "liquefied petroleum gas" includes butane. *See, e.g.*, 26 C.F.R. § 48.4041-8(f)(1)(i) (referring to "[a]ny liquefied petroleum gas (such as propane, butane, pentane, or mixtures of the same)").

27.     Butane is a liquefied petroleum gas.

### VMSC is Entitled to the AFMC for Using Liquefied Gas Derived from Biomass and Liquid Fuel Derived from Biomass in Producing an Alternative Fuel Mixture

28.     A liquefied gas derived from animal fats, used cooking oil, or inedible corn oil is a "liquefied gas derived from biomass" as that term is used in section 6426.

29.     A liquid fuel derived from animal fats, used cooking oil, or inedible corn oil is a "liquid fuel derived from biomass" as that term is used in section 6426.

30.     A liquefied gas derived from biomass is an alternative fuel within the meaning of section 6426.

31.     A liquid fuel derived from biomass is an alternative fuel within the meaning of section 6426.

32.     Gasoline is a taxable fuel within the meaning of section 6426 and section 4083.

33.     During the Disputed Tax Period (and at other times), VMSC purchased liquefied gas and liquid fuel that were derived from animal fats, used cooking oil, and inedible corn oil.  The liquefied gas and liquid fuel in question were not derived from oil or natural gas, coal, or any product of the foregoing.

34.     VMSC then blended the purchased liquefied gas and liquid fuel with gasoline to create fuel mixtures.

35.     VMSC sold the resulting mixtures during the Disputed Tax Period for use as a fuel.

36.     VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

37.     Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of liquefied gas derived from

biomass and liquid fuel derived from biomass that VMSC used in producing the mixtures it sold for use as fuel.

38. On its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC. On the Form 720X that is the basis for its refund claim, VMSC separately claimed the AFMC with respect to the mixtures it produced and sold for use as fuel by combining gasoline with (1) liquefied gas derived from biomass, and/or (2) liquid fuel derived from biomass, each in the amount of "$1.00 Plus." VMSC has since determined that, in producing these mixtures, it used 1,035,529 gallons of liquefied gas derived from biomass and 3,017,093 gallons of liquid fuel derived from biomass. Accordingly, VMSC's blending of liquefied gas derived from biomass and liquid fuel derived from biomass entitles it to the AFMC in the amount of $2,026,311 for the Disputed Tax Period.

<u>VMSC Is Entitled to the AFMC for Using Butane in Producing an Alternative Fuel Mixture</u>

39. Butane is a "liquefied petroleum gas" as that term is used in section 6426.

40. Any liquefied petroleum gas is alternative fuel within the meaning of section 6426.

41. As stated above, gasoline is a taxable fuel within the meaning of section 6426 and section 4083.

42. VMSC purchased and produced butane, which it then blended with gasoline to create butane-gasoline mixtures.

43. VMSC sold the resulting butane-gasoline mixtures for use as fuel during the Disputed Tax Period.

44. VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

45. Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of butane it used in producing the butane-gasoline mixtures that it sold for use as fuel.

46. On its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC.  On the Form 720X that is the basis for its refund claim, VMSC claimed the AFMC with respect to the butane-gasoline mixtures it sold in the amount of "$1.00 Plus."  VMSC has since determined that it used 239,945,595 gallons of butane in producing the butane-gasoline mixtures that it sold for use as fuel.  Accordingly, VMSC's butane blending activities entitled it to the AFMC in the amount of $119,972,798 for the Disputed Tax Period.

## V. CLAIMS FOR RELIEF

### COUNT I

### OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO BIOMASS-DERIVED SUBSTANCES

47. VMSC incorporates by reference the allegations contained in the above paragraphs.

48. The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to liquefied gas derived from biomass and liquid fuel derived from biomass.

49. VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner as a result of this failure in the amount of $2,026,311.

50. VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## COUNT II

## OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO BUTANE

51. VMSC incorporates by reference the allegations contained in the above paragraphs.

52. The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to butane.

53. VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner because of this failure in the amount of $119,972,798.

54. VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## VI. PRAYER FOR RELIEF

FOR ALL THESE REASONS, VMSC prays that the Court enter judgment against the United States:

    a.    Awarding VMSC the overpayments of taxes for the first quarter of calendar year 2015 in the amount set forth in paragraphs 49 and 53 totaling $121,999,109, or in such other amount as is legally refundable, plus statutory interest as provided by law; and

    b.    Awarding VMSC all other relief to which it is entitled.

April 1, 2019                                    Respectfully submitted,

                                                         /s/ Adam P. Feinberg
Adam P. Feinberg, D.C. Bar No. 447668
George A. Hani, D.C. Bar No. 451945
Andrew L. Howlett, D.C. Bar No. 1010208
MILLER & CHEVALIER CHARTERED
900 16th Street NW
Washington, D.C. 20006
Tel. (202) 626-5800
Fax. (202) 626-5801
Email:  afeinberg@milchev.com
Email:  ghani@milchev.com
Email:  ahowlett@milchev.com

*Attorneys for Plaintiff Valero Marketing and Supply Company*