UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY, | § | NO. 5:19-CV-328-DAE |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

<u>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

The matter before the Court is Plaintiff Valero Marketing and Supply Company's ("Valero") Motion for Partial Summary Judgment.  (Dkt. # 44.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the following reasons, **GRANTS** the motion.

<u>BACKGROUND</u>

On April 1, 2019, Valero filed suit in this Court against the Government.  (Dkt. # 1.)  Valero sought a tax refund of over $121 million for the first quarter of the tax year 2015 ("disputed tax period").  (Id.)  According to Valero, on April 30, 2015, it timely filed a Quarterly Federal Excise Tax Return

("Form 720") for the disputed tax period—January 1, 2015, through March 31, 2015—with the Internal Revenue Service ("IRS").  The Form 720 reported a total 26 U.S.C. § 4081 ("section 4081") fuel excise tax in the amount of $565,025,097 for the disputed tax period, which Valero timely paid.

    Several years later, on April 26, 2018, Valero filed an Amended Quarterly Federal Excise Tax Return ("Form 720X") for the disputed tax period with the IRS, claiming a refund of the section 4081 fuel excise tax in the amount of "$4.00 Plus," plus statutory interest.  Valero contends this refund claim is based on Alternative Fuel Mixture Credits ("AFMC") that it had not previously claimed on its original Form 720 for the disputed tax period.  Specifically, pursuant to 26 U.S.C. § 6426, Valero sought an AFMC for those fuels it sold that were mixed with: (1) compressed or liquified gas derived from biomass; (2) liquid fuel derived from biomass; or (3) butane, a type of liquified petroleum gas ("LPG").  (Id.)

    On April 1, 2019, Valero filed this suit on the basis that more than six months had passed since it filed the Form 720X seeking the refund, and that the IRS neither paid nor denied the refund request for the disputed tax period.  (Dkt. # 1.)  Valero argued that it was entitled to a refund for the overpayment it made to the IRS, but the Government refused to recognize that several substances qualify as "alternative fuels" for tax credit purposes.  (Id.)

On July 31, 2020, the Court granted the Government's motion for partial judgment on the pleadings, dismissing Valero's refund claims for butane and liquified gas derived from biomass based on a retroactive change to § 6426(e). (Dkt. # 38.)  Thus, the only outstanding claim is Valero's refund claim for blending liquid fuel derived from biomass with taxable fuel during the disputed tax period. (See id.)  After the dismissal of the other claims, the parties engaged in discovery regarding this remaining claim; on December 28, 2020, the parties entered into a Stipulation of facts, stating among others that:

> 6. During the Disputed Tax Period and at other times, [Valero] purchased from Diamond Green Diesel, LLC ("DGD") certain fuels that DGD derived from biomass (as the term "biomass" is defined in section 45K(c)(3)).
>
> 7. During the Disputed Tax Period, [Valero] blended 2,957,267.740 gallons of "liquid fuel derived from biomass" (as that phrase is used in section 6426(d)(2)(G)) with taxable fuel and sold the resulting mixtures for use as a fuel. Accordingly, during the Disputed Tax Period, [Valero] used 2,957,267.740 gallons of "liquid fuel derived from biomass" (as that phrase is used in section 6426(d)(2)(G)) in producing alternative fuel mixtures for sale or use in [Valero]'s trade or business, all within the meaning of section 6426(e).

(Dkt. # 43.)  On January 14, 2021, Valero filed the instant motion for partial summary judgment on the sole remaining refund claim in this case.  (Dkt. # 44.) Valero seeks judgment in the amount of $1,478,633.87 regarding this claim.  (Id.) On January 28, 2021, the Government filed a response to Valero's motion.  (Dkt. # 45.)  On February 2, 2021, Valero filed a reply.  (Dkt. # 46.)

## APPLICABLE LAW

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); see also Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir. 2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'"  Kim v. Hospira, Inc., 709 F. App'x 287, 288 (5th Cir. 2018) (quoting Nola Spice Designs, 783 F.3d at 536).  While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case.  Austin v. Kroger Tex., L.P., 864 F.3d 326, 335 (5th Cir. 2017)

(quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)).  A fact is material if it "might affect the outcome of the suit."  Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson, 477 U.S. at 248).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  Jones v. Anderson, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010)).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  Infante v. Law Office of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018) (quoting Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014)).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).

Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P.

56(c); <u>Lee v. Offshore Logistical & Transp., LLC</u>, 859 F.3d 353, 355 (5th Cir.

2017).  However, "[u]nsubstantiated assertions, improbable inferences, and

unsupported speculation are not sufficient to defeat a motion for summary

judgment."  <u>United States v. Renda Marine, Inc.</u>, 667 F.3d 651, 655 (5th Cir. 2012)

(quoting <u>Brown v. City of Houston</u>, 337 F.3d 539, 541 (5th Cir. 2003)).

ANALYSIS

Valero moves for summary judgment on its only remaining refund

claim for mixing liquid fuel derived from biomass with taxable fuel on the basis

that the parties have stipulated the material facts and thus there remain no issues of

material fact.  (Dkt. # 44.)  Valero contends that during the disputed tax period,

pursuant to the parties' Stipulation, Valero blended 2,957,267.740 gallons of

alternative fuel (in the form of liquid fuel derived from biomass) with taxable fuel

and sold the resulting mixtures for use as a fuel.  (<u>Id.</u>)  Valero maintains the parties

further stipulated that Valero used those 2,957,267.740 gallons of liquid fuel

derived from biomass in producing alternative fuel mixtures for sale or use in

Valero's trade or business.  (<u>Id.</u>)  And, according to Valero, the parties also

stipulated that Valero was properly registered under section 4101 for the entirety of

the disputed tax period and that it timely filed the April 2018 Form 720X—which

Valero asserts this Court has already concluded constitutes a valid formal

administrative refund claim.  (<u>Id.</u>)

6

In response, the Government states that it does not dispute the stipulated facts on which Valero's motion is based, but only disputes the motion on the basis that Valero's administrative claim for refund is deficient and deprives this Court of jurisdiction.  (Dkt. # 45.)  While recognizing that the Court has already ruled on this issue (Dkt. # 21), the Government asks the Court to reconsider its order finding that Valero complied with the applicable statutory and regulatory requirements for filing a formal administrative claim for refund.  (Dkt. # 45.)

Because the Government's response simply rehashes the same arguments it made in support of its motion to dismiss—which the Court has already rejected—the Court finds no basis to reconsider its order.  (See Dkt. # 21 at 7–19.)  Accordingly, because there are no genuine issues of material fact, the Court will grant Valero's motion for summary judgment on its sole remaining refund claim for blending liquid fuel derived from biomass with taxable fuel during the disputed tax period.  (Dkt. # 44.)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Valero's Motion for Partial Summary Judgment.  (Dkt. # 44.)  The Court **ORDERS** that the Clerk of Court enter **JUDGMENT** in favor of Valero on its liquid fuel derived from biomass claim for the first quarter of 2015 in the amount of $1,478,633.87, plus interest thereon as allowed by law.  The Court has already dismissed Valero's

7

claims based on (1) mixtures of butane and taxable fuel, and (2) mixtures of liquified gas derived from biomass and taxable fuel.[1]  (See Dkt. # 38.)  Given the Court's previous dismissal of those claims, there are no claims remaining for this Court to adjudicate and the case should be **CLOSED**.

      **IT IS SO ORDERED.**

      **DATED:** San Antonio, Texas, April 21, 2021.

_____

David Alan Ezra
Senior United States District Judge

---

[1] Valero has expressly reserved its right to appeal the dismissal of these claims. (See Dkt. # 44 at 5.)